IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KERRY JUDGE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 1:20-cv-00686 |
| STEPHEN JOHNSON, and JOSEPH CAST, § | |
| in their individual capacities, and the CITY OF § | |
| AUSTIN § | |
| Defendant. § | |

## PLAINTIFF'S COMPLAINT

Plaintiff KERRY JUDGE files this 42 U.S.C. § 1983 and Americans with Disabilities Act lawsuit against Defendants STEPHEN JOHNSON and JOSEPH CAST, police officers for DEFENDANT CITY OF AUSTIN, and would show the Court and Jury the following in support thereof:

### I.
### PARTIES

1. Plaintiff KERRY JUDGE is a citizen of Tennessee and resides in Nashville, TN.

2. Defendant, Officer STEPHEN JOHNSON is an officer with the City of Austin Police Department. He is sued in his individual capacity and may be served at the Austin Police Department, 715 East 8th Street, Austin, Texas 78701. *Service is hereby requested at this time.*

3. Defendant, Officer JOSEPH CAST is an officer with the City of Austin Police Department. He is sued in his individual capacity and may be served at the Austin Police Department, 715 East 8th Street, Austin, Texas 78701. *Service is hereby requested at this time.*

4. Defendant, CITY OF AUSTIN, is a municipality that operates the Austin Police Department and may be served through its City Clerk at 301 W. 2nd Street, Austin, TX 78701.

*Service is hereby requested at this time.*

## II.
## JURISDICTION AND VENUE

5. As this case is brought pursuant to 42 U.S.C. §1983, this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331.

6. This Court has general personal jurisdiction over Defendants as they reside and/or work in Travis County, Texas.

7. This Court has specific *in personam* jurisdiction over Defendants because this case arises out of conduct by Defendants that caused injury to Plaintiff, and which occurred in Travis County, Texas, which is within the Western District of Texas.

8. Venue of this cause is proper in the Western District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in Travis County, which is within the Western District of Texas.

## III.
## FACTS

9. On or around July 26, 2018, Kerry Judge was visiting Austin's Sixth Street entertainment district with family and friends.

10. Mr. Judge suffers from epilepsy, and occasionally suffers seizures that leave him disoriented and incapacitated.

11. Epilepsy is a neurological disorder that causes unpredictable seizures and other health problems. As such, epilepsy is a disorder that substantially limits the operation of the body's neurological system. Mr. Judge's neurological system was substantially impaired by his epilepsy.

12. While on Sixth Street, Mr. Judge began suffering an epileptic seizure.

13. Due to the seizure, Mr. Judge laid down on the sidewalk.

14. Notably, traffic was closed on Sixth Street, as it typically is on weekend nights. Thus, there was no vehicle traffic that could theoretically endanger Mr. Judge.

15. Officers Johnson and Cast approached Mr. Judge, his wife, and his friends.

16. Mr. Judge's wife informed the officers that he had suffered a seizure, and needed an ambulance.

17. Mrs. Judge informed the officers that her husband regularly suffers these seizures, and that when he recovers he will be disoriented.

18. The officers called an ambulance.

19. While waiting for the ambulance, Mr. Judge began to recover.

20. The officers both recognized that Mr. Judge was disoriented, and did not know where he was, or what was going on. They both understood this was due to his disability.

21. Mr. Judge took off his shoes and socks, then started to walk away.

22. The officers both recognized that Mr. Judge was "in an altered state of mind" due to his disability.

23. The officers never suspected Mr. Judge had committed any crime.

24. The scene was always under control, and Mr. Judge was never a threat to anyone.

25. Mr. Judge did not have any weapons on his person.

26. As Mr. Judge walked away, rather than deescalate the situation or reach a non-violent solution, Officer Cast grabbed Mr. Judge.

27. Then Officer Johnson kicked out Mr. Judge's legs, knocking Mr. Judge to the ground.

28. Though they recognized Mr. Judge was elderly and disabled, Johnson and Cast

forcibly held him on the ground to handcuff Mr. Judge, breaking five of Mr. Judge's ribs and puncturing his lung, even as Mr. Judge gasped "I can't breathe."

29.Finally, the officers relented, after causing Mr. Judge to suffer serious injuries.

30.Shortly thereafter, EMS arrived, and Mr. Judge regained his faculties before the ambulance could even depart.

31.Mr. Judge was hospitalized for three days due to the injuries caused by Officers Cast and Johnson.

32.The officers made no attempt to reasonably accommodate Mr. Judge's disability, such as by not using force to detain him, and simply waiting for EMS to arrive or for him to regain his faculties.

33.At no time before or after defendants approached Mr. Judge did Mr. Judge do anything that would have threatened the safety of the officers, or anyone else.

34.APD officers, unfortunately, have a long, checkered history of using excessive force against citizens in the downtown entertainment district.

35.The City's policymaker for APD, Chief Brian Manley, is well aware of this long-standing pattern, practice, and custom of APD officers using excessive force against citizens in the entertainment district.

36.Despite being well aware of this long-standing pattern, practice, and custom, the City has done nothing to supervise, discipline, or train officers known to use excessive force in the entertainment district, such as Officers Johnson and Cast.

# IV.
# CLAIMS

**A. FOURTH AMENDMENT EXCESSIVE FORCE § 1983 CLAIMS AGAINST DEFENDANTS JOHNSON AND CAST**

28. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

29. Officers Johnson and Cast, who were acting under color of law, grabbed Mr. Judge, kicked out his legs, and knocked him to the ground before restraining him on the ground until five of his ribs broke and his lung was punctured. Johnson and Cast never first attempted to de-escalate the situation or use non-violent means to help Mr. Judge recover from his seizure.

30. As a consequence, Officers Johnson and Cast's use of force against Mr. Judge was clearly excessive to the need, objectively unreasonable in light of established law, and directly caused him injury. Therefore, Officers Johnson and Cast's actions violated Mr. Judge's Fourth Amendment right to be free from excessive force/unreasonable seizure.

31. As a direct and proximate result of Defendants' actions, Mr. Judge suffered significant injury.

**B. FOURTH AMENDMENT § 1983 *MONELL* CLAIM AGAINST THE CITY OF AUSTIN UNDER FEDERAL LAW**

32. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

33. The City of Austin, had the following policies and/or practices in place when Officers Johnson and Cast brutally assaulted Mr. Judge:

- Using excessive force;
- Using excessive force in the entertainment district;
- Failing to discipline officers;
- Failing to supervise officers in the entertainment district;
- Inadequate training and policies concerning de-escalation of force;

- Encouraging escalation rather than de-escalation.

34. APD supervisors reviewed Johnson and Cast's conduct, found no problems, and took no action.

35. Rather, the City's of Austin Police Department hierarchy and Chief Manley ratified Officers Johnson and Cast's excessive force, and continue to approve and condone Defendants Johnson and Cast's use of excessive force.

36. Indeed, the City approves similar excessive uses of force by APD officers in the downtown entertainment district each year.

37. In any event, each of the policies delineated above was actually known, constructively known and/or ratified by the City of Austin and its policymakers and was promulgated with deliberate indifference to Plaintiff's rights under the United States Constitution. Moreover, the known and obvious consequence of these policies was that City of Austin police officers would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here, all of which were under color of law, would result.

38. Consequently, the policies delineated above were a moving force of Plaintiff's constitutional deprivations and injuries, and caused him to suffer severe damages.

**C. AMERICANS WITH DISABILITIES ACT CLAIM AGAINST THE CITY OF AUSTIN**

39. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

40. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

6

services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

41. Title II of the requires public entities, like the City, to reasonably accommodate people with disabilities in all programs and services for which people with disabilities are otherwise qualified.

42. Policing is a program and service provided by the City of Austin for ADA purposes. Here, Johnson and Cast were providing Mr. Judge the service of calling EMS to assist him after he suffered his seizure.

43. Mr. Judge is a qualified individual with a disability within the meaning of the ADA in that he has physical or mental impairments that substantially limit one or more major life activities – here, the operation of his neurological system due to his epilepsy.

44. Defendants Johnson and Cast violated Title II of the ADA by failing to provide Mr. Judge the reasonable accommodations that were needed and available to allow Mr. Judge to receive the benefits of Defendant City of Austin's programs and services. The City's officers should have accommodated Mr. Judge by:

- Refraining from using violence against Mr. Judge; and,
- Using de-escalation tactics, including waiting and doing nothing, to accommodate Mr. Judge.

45. Failure to provide these reasonable accommodations was illegal discrimination under the ADA, entitling Plaintiff to compensatory relief.

## V.
## DAMAGES

46. Plaintiff, Mr. Judge, suffered and claims the following damages.

- past and future physical and mental anguish;
- past and future disfigurement;
- past and future impairment;
- past and future medical expenses;
- attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

## VI.
## JURY DEMAND

47. Pursuant to Federal Rule of Civil Procedure 48, Plaintiff hereby requests a jury trial.

## VII.
## PRAYER FOR RELIEF

16. Accordingly, Plaintiff asks that judgment be awarded against Defendants for

   1) compensatory damages;

   2) attorneys' fees, including reasonable and necessary expenses including expert fees, pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205;

   3) costs of court;

   4) judgment at the highest rate allowable under the law; and

   5) all other relief to which Plaintiff is justly entitled.

Respectfully submitted,

**EDWARDS LAW**
1101 East 11th Street
Tel. 512-623-7727
Fax. 512-623-7729

By  /s/ Jeff Edwards
       JEFF EDWARDS
       State Bar No. 24014406
       jeff@edwards-law.com
       SCOTT MEDLOCK
       State Bar No. 24044783
       scott@edwards-law.com
       DAVID JAMES
       State Bar No. 24092572
       david@edwards-law.com

**ATTORNEYS FOR PLAINTIFF**